SHEVIN, Judge.
Plaintiffs, James Oglesby and Keith Oja, appeal final summary judgments in favor of defendant, American Suzuki Motor Corporation [“Suzuki”]. We reverse.
Keith Oja was piloting a motor boat in which Oglesby was a passenger. Two new Suzuki outboard engines and a new steering mechanism had been installed on the boat *786 the previous day. Oja had been breaking in the engines by running them on idle for several hours. Suddenly, while proceeding at idle speed, a locknut on the steering bolt became disconnected; Oja lost steering control. The steering bolt attached the steering mechanism to the engines. When the bolt disconnected, the vessel jerked and swung to the right, causing Oja to push forward on the throttles — the boat proceeded to circle at high speed before Oja regained control. Oglesby was thrown from the boat and severely injured. Oja was thrown around in the boat and severely injured.
Suzuki Motor Corporation manufactured the new engines; they were distributed by Suzuki. The engines were purchased from an authorized Suzuki dealer. However, the mechanic who installed the engines was not trained or certified by Suzuki; Suzuki’s representative told the mechanic to call for assistance if he needed it. The engine installation instructions did not address discrepancies between the engines and steering mechanism: the steering mechanism was not manufactured or distributed by Suzuki.
Oja and Oglesby sued Suzuki and others to recover damages based on theories of negligence and strict product liability. The cases were consolidated in the trial court for discovery. Suzuki moved for summary judgment asserting that its engines did not malfunction, that it did not provide the steering mechanism, that the accident was caused by improper installation of the steering mechanism, and that Suzuki did not provide the mechanic with any instructions. Plaintiffs’ expert testified that although there was no mechanical malfunction with the engines, there were several problems with the engine systems that may have contributed to the accident. The parties presented contradicting reports of Suzuki’s instructions to the mechanic when he called for installation assistance. The court granted Suzuki’s motion. Plaintiffs appeal.
“A summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law.” Moore v. Morris, 475 So.2d 666, 668 (Fla. 1985). In this case, the record demonstrates that several genuine factual issues remain unresolved. Plaintiffs’ expert testified that the engine manual and installation instructions were insufficient: the written materials did not specify compatible steering mechanisms, or specify a method of installing steering mechanisms, compatibly with the Suzuki engines. He also testified that a cause of the accident was Suzuki’s failure to instruct the mechanic properly on how to connect the steering mechanism to the engines. Even if Suzuki’s suggestion, that the mechanic contact the steering mechanism manufacturer for information, was appropriate, Suzuki did not offer any guidance or instruction on how to conform the engines properly to the steering mechanism.
Additionally, the record demonstrates a dispute regarding whether the mechanic who installed the engines worked for the Suzuki-authorized retailer. Despite Suzuki’s practice of insisting on installation by Suzuki trained and authorized mechanics, there is evidence that the mechanic was not trained or certified by Suzuki.
Thus, factual issues remain as to the sufficiency of the manual and the instructions, the mechanic’s qualifications, as well as the sufficiency of Suzuki’s response to the mechanic’s request for instructions. In view of the multiple unresolved factual issues, summary judgment was improperly entered and the judgments are hereby
Reversed.